**John Clinton ELLIS, Barbara Ellis, and Frederick Ellis, Plaintiffs,**

v.

**CITY OF CHICAGO, ILLINOIS, a Municipal Corporation, and Frank Kusar, Individually and as police officer of the Department of Police of the City of Chicago, Illinois, Defendants.**

**No. 78 C 4522.**

United States District Court, N. D. Illinois, E. D.

Sept. 26, 1979.

---

John P. DeRose, Oak Brook, Ill., for plaintiffs.

James K. Maremont, Asst. Corp. Counsel, William R. Quinlan, Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs bring this action under the Civil Rights Act, 42 U.S.C. Section 1983,[1] and the Fourteenth Amendment to the United States Constitution, seeking redress for the alleged deprivation of plaintiffs' civil rights. Defendants are the City of Chicago and Frank Kusar, a Chicago police officer.[2] Plaintiffs are Barbara and Frederick Ellis and their son John, all residents of the City of Chicago.

On March 22, 1979, United States District Judge John F. Grady, who previously presided over this case, dismissed the complaint against the City of Chicago on the ground that it failed to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Judge Grady based his decision on the then recently decided case of *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), wherein the United States Supreme Court rejected the application of the doctrine of *respondeat superior* to the liability of a municipality for the actions of its employees. The doctrine of *respondeat superior* had previously been rejected by the Seventh Circuit for claims brought against municipalities under the Fourteenth Amendment. *McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977); *Jamison v. McCurrie*, 565 F.2d 483 (7th Cir. 1977).

Judge Grady's opinion concluded:

We do note, however, that plaintiffs, in their Memorandum in Opposition to the Motion to Dismiss on Behalf of Certain

---

1. 42 U.S.C. § 1983 provides in relevant part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. The Chicago Police Department was also named in the original complaint. It was dismissed on grounds not relevant to this motion and not named again by plaintiffs in their amended complaint.

Defendants, have alleged certain facts which suggest an implied governmental approval of actions such as those allegedly committed by defendant Kusar. These facts are not included in plaintiffs' complaint, and thus cannot properly be considered on this motion to dismiss. If plaintiff wishes to amend his complaint to allege these additional facts, he should file a motion for leave to amend. Then, if we grant the motion, we could determine, on a renewed motion to dismiss, whether these additional facts state a cause of action against. . . .

On May 2, 1979, plaintiffs filed an amended complaint again naming Frank Kusar and the City of Chicago. The City has moved to dismiss the claim against it.

The amended complaint restates the facts set forth in the original complaint, as follows. On September 10, 1978, at about 3:30 p. m., defendant Kusar broke into the home of plaintiffs, who were all present at the time, and proceeded to search the home. In the course of the search, defendant entered the plaintiffs' bathroom, where plaintiff John Ellis was bathing. Continuing through the house, defendant allegedly shot and killed the plaintiffs' dog. As John Ellis was attempting to get dressed, he was assaulted and battered by defendant, and, later, physically restrained. John Ellis was then pushed out onto the front porch of plaintiffs' home, and was exposed to the public with a gun at his head and his arm physically restrained. As a result of defendant's actions, John Ellis is alleged to have suffered severe emotional distress, invasion of his privacy, humiliation and embarrassment, and other injuries. Plaintiffs Barbara and Frederick Ellis, John Ellis' parents, are alleged to have suffered property damage to their home, the loss of their dog, invasion of their privacy, and other injuries.

 The amended complaint adds the following paragraph not contained in the original complaint:

## XVI

That the Plaintiffs have strong reason to believe that it is the customary practice of the Defendant, City of Chicago's Police Department to infringe upon the people's Fourth Amendment rights and upon the rights of Plaintiffs specifically. In support of their beliefs Plaintiffs cite the following incidences which occurred in Plaintiffs' neighborhood:

a. In the year of 1976 a uniformed police officer intruded upon Plaintiff, Barbara Ellis, in her home at 2905 North Troy Street, in Chicago, Illinois without a search warrant, without permission or consent being given by the Plaintiff, without any pending exigent circumstances and without probable cause.

b. In October of 1977, two police officers barged in on the Plaintiffs' home at 2905 North Troy Street, in Chicago, Illinois. Said officers came into the Plaintiffs' dwelling with guns drawn without announcing their entry, without a search warrant, without probable cause, without the consent or permission given by the Plaintiffs and without pending exigent circumstances. The police officers claimed that a crime had been committed in the neighborhood which justified their wrongful entry. However, there were no articulable facts or inferences upon which a police officer could reasonably believe that the alleged violator was in the Plaintiffs' home.

c. In September of 1978 two plainclothes police officers broke into the Plaintiffs' home at 2905 North Troy Street in Chicago, Illinois at night time. Said officers came through the Plaintiffs' basement door without announcing their entry, without a search warrant, without probable cause, without pending exigent circumstances and without permission or consent given by the Plaintiffs. The officers claimed they came to question Joey Ellis, son of Plaintiffs Barbara Ellis and Fred Ellis, about the said Joey Ellis' involvement

in an alleged auto theft. The officers' mere suspicions of Joey's involvement were not based upon any grounds whatsoever. No charges were ever filed against Joey Ellis concerning this matter. Furthermore, the said Joey Ellis was not at home at the time of the intrusion.

d. Plaintiffs' neighbor, Joe Paynter who was residing at the corner of Troy and George Streets in Chicago, Illinois was wrongfully intruded upon in his home by Chicago police officers without a warrant or other justification to permit their entry.

Plaintiffs argue that Paragraph XVI of the amended complaint satisfies the § 1983 pleading requirements of *Monell*. The City contends that it does not.

In *Monell*, the United States Supreme Court concluded that:

. . . a local government may not be sued for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Monell, supra*, 98 S.Ct. at 2038.

Plaintiffs allege in the amended complaint that it has been the custom of the City to infringe upon Plaintiffs' Fourth Amendment rights. In support of this allegation, plaintiffs' amended complaint cites three additional alleged instances of Fourth Amendment violations by City police officers against plaintiffs, all within two years of the alleged violation which is the subject matter of the amended complaint.

Accepting the facts stated in the amended complaint as true for the purposes of this motion, the amended complaint states a cause of action against the City. Whether the City's police officers alleged violations against plaintiffs under the Constitution and § 1983 represent an official "policy or custom" within the meaning of *Monell* is a factual question. Therefore, the motion of the City of Chicago to dismiss the amended complaint is denied. It is so ordered.